# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| LINDA ALVAREZ, | \* | No. 16-1438V |
| | \* | Special Master Christian J. Moran |
| Petitioner, | \* | |
| v. | \* | |
| | \* | Filed: September 5, 2017 |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | Influenza ("flu") vaccine; |
| | \* | Guillain Barré syndrome ("GBS"). |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Randall G. Knutson, Knutson & Casey Law Firm, Mankato, MN, for petitioner;
Althea W. Davis, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Linda Alvarez filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa—10 et seq., on November 1, 2016. The petition alleged that Ms. Alvarez developed Guillain Barré syndrome ("GBS") after she received an influenza ("flu") vaccine on November 13, 2013. See Pet., filed Nov. 1, 2016.

Ms. Alvarez has now filed a Motion for a Decision Dismissing Her Petition on August 21, 2017. In view of Ms. Alvarez's Motion and the information in the record, the undersigned finds that Ms. Alvarez has not shown entitlement to an award under the National Vaccine Injury Compensation Program ("Program").

## I. Procedural History

On November 1, 2016, Ms. Alvarez filed a petition seeking compensation for injuries she sustained following the receipt of a flu vaccine. The petition alleges that the vaccine administration caused Ms. Alvarez to develop GBS.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On March 27, 2017, the Secretary filed his Rule 4 report. The Secretary argued that Ms. Alvarez had not established a logical sequence of cause and effect between the flu vaccine and her GBS. To support the lack of evidence for a logical sequence, the Secretary points to the five month gap between the flu vaccine and Ms. Alvarez's onset of symptoms and the incomplete records from Ms. Alvarez's hospitalization when she was diagnosed with GBS. He concluded that Ms. Alvarez failed to demonstrate, by a preponderance of the evidence, that her GBS were caused-in-fact by the flu vaccine.

On July 17, 2017, Ms. Alvarez filed a status report indicating that she had obtained a preliminary expert report and that the report was not favorable to her. Ms. Alvarez further stated that she did not have a physician or expert that could establish a connection between her GBS and the flu vaccine, given the complicating factor of her gastric bypass surgery, which is also a known cause of GBS.

Ms. Alvarez filed the instant Motion for a Decision Dismissing Her Petition on August 21, 2017. Ms. Alvarez admits that she will not be able to prove that she is entitled to compensation in the Program and requests that her case be dismissed. She acknowledges that a dismissal of his case would result in a judgment against her and end all of her rights in the Program. In the event of an adverse judgment, Ms. Alvarez intends to preserve her right to file a civil action by electing to reject the judgment. The Secretary does not object to the Motion. Accordingly, this case is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinee's vaccinations, or 2) that the vaccinee suffered an injury that was actually caused ("causation-in-fact") by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1).

Ms. Alvarez does not claim a Table Injury nor does an examination of the record uncover any evidence that she suffered a Table Injury. Thus, she is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either

medical records or by the opinion of a competent physician. § 300aa—13(a)(1). In this case, because the medical records do not support Ms. Alvarez's claim, a medical opinion must be offered in support. Ms. Alvarez, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that Ms. Alvarez has failed to demonstrate that she suffered a "Table Injury" or that the flu vaccine was the causation-in-fact of her GBS.

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Andrew Schick, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master